346

Common Pleas Court of Hamilton County.

WALTER R. KLAPPERT V. NEW YORK CENTRAL RAILROAD CO.

Decided April 4, 1931.

*Sawyer & Pichel* and *Joseph P. Goodenough,* for the plaintiff.

*Harmon, Colston, Goldsmith & Hoadly,* for defendant.

SCHWAB, J.

The defendant has filed a motion to dismiss the plaintiff's petition on the ground that the plaintiff is a non-resident of the State of Ohio, and that the cause of action as set out in the petition did not arise in Hamilton County, but in Delaware County, Ohio. Defendant has filed in support of that motion two affidavits to the effect that the plaintiff is a resident of Ludlow, Kentucky. The caption of this case recites Walter R. Klappert, 208 Elm Street, Ludlow, Kentucky.

Briefs have been filed by both counsel for the defendant and the plaintiff and involves the construction of Sec. 11273 of the General Code of Ohio. The pertinent parts of which are as follows:

"An action against the owner * * * a railroad company * * * owning or operating a railroad * * * within the state * * * may be brought in any county through or into which line passes or extends, provided that all actions against such owner or company for injuries to person

or property * * * must be brought in the county in which the cause of action or some part thereof arose, or in the county in which the claimant for injuries to person or property * * * resides at the time when the cause of action arose, if the road or line of such * * * company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property * * * so resided."

The defendant contends that this section limits a non-resident of the state in an action against a Railroad company to the county wherein his cause of action arose. The plaintiff maintains that by virtue of this section, he is entitled as a resident of Ludlow, Kentucky, to bring this action in Ohio, in Hamilton County, on the theory that Hamilton County is the nearest county in Ohio through which the railroad passes to his place of residence.

Counsel for the defendant has cited the case of *Loftus* v. *The Pennsylvania Railroad Co.*, 107 O. S. 352; the case of *Jamison* v. *Davis*, 110 O. S. 636, and *The Baltimore & Ohio Railroad Company* v. *Baillie, et al,* 112 O. S. 567.

In the Loftus case, the Supreme Court held that the state courts of Ohio have no jurisdiction against persons and companies mentioned in Section 11273 for injuries to person or property occurring without the state of Ohio, unless such claimant is a resident of this state.

In the Jamison case, the Supreme Court states that the provisions of the Federal Transportation Act of 1920, do not operate or supplant the provisions of Section 11273 as to jurisdiction. In the Baillie case, the Supreme Court held the provision of Section 11273 do not preclude the maintenance of an action in a county of this state against a railroad company by a resident of another state for injuries to person or property, though occurring elsewhere than in this state where the injury complained of resulted in the joint negligence of such railroad and another corporation, which are joined as defendants in an action which is properly brought against the latter defendant in such county.

These authorities do not dispose of the question presented in the motion to dismiss in the case at Bar. The Court is therefore compelled to look to the provisions of Section 11273, to determine whether or not a non-resident of Ohio may select that county in Ohio, nearest his place of residence, within which the line of the defendant company passes.

Prior to the adoption of Section 11273, courts of general jurisdiction in this state have entertained actions transitory in nature against any person or corporation upon whom service of process was served in accordance with the statutory provisions of Ohio. This privilege was limited in this state by the amendment to Section 11273 as above quoted. The section for the first time prescribed the venue for certain actions against transportation companies. It will be observed by a reading of this section that an action against a railroad company may be brought in any county in the state of Ohio through which the railroad line passes or extends, provided that *all* actions against such company must be brought in the county in which the cause of action or some part thereof arose, or in the county in which the claimant for injuries to person or property resides at the time when the cause of action arose, if the railroad or any part thereof is located in such county. This clearly refers to residents of the state of Ohio. The statute then provides that if no part of such line be located in *such* county, (referring to the county wherein the claimant resides,) then such actions may be brought in the county in which any part of such road is located, nearest the place where the claimant for injuries to person or property so resided.

The Court is therefore of the opinion that the Legislature intended by the adoption of this section, to give to the resident of Ohio the choice of bringing an action against the railroad company in the county where the cause of action arose, or in the county wherein the claimant resided, provided some portion of the road passed through the county of the residence of the claimant, and in the event the road did not so pass through the county of the residence of the claimant, then and in that event

only, can the plaintiff bring his action against the company in the county nearest his place of residence through which some portion of the road passes.

The Court is therefore of the opinion that by virtue of this section of the law, that a non-resident of Ohio is compelled to seek relief in the county of the state wherein his cause of action arose.

The motion to dismiss will therefore be sustained.